UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

ROBERT D. SANGO,

           Plaintiff,           Case No. 2:21-cv-7

v.                                     Hon. Hala Y. Jarbou

UNKNOWN SCHEODER, et al.,

           Defendants.
_____/

## OPINION DENYING LEAVE
## TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff is incarcerated with the Michigan Department of Corrections (MDOC) in the Alger Correctional Facility in Munising, Michigan. Plaintiff filed his complaint on January 6, 2021. Plaintiff alleges that during November of 2020, one or more Alger Corrections Officers put Plaintiff's life in jeopardy by threatening to tell other prisoners that Plaintiff had COVID-19, telling other prisoners that Plaintiff had COVID-19, or arranging with Alger Correctional Facility nurses to return false positive COVID-19 tests on Plaintiff's cellmate and two of his associates. After three weeks, Plaintiff reports, the three had no symptoms and antibody tests showed they never had the virus. Plaintiff also complains that he is fed cold food that has made him ill. Plaintiff complains further that Corrections Officer Olson, on an undisclosed date, tried to crush him in a door. Finally, Plaintiff states that prisoner Miles heard Defendant Olson tell prisoners "to stab 'Sango' for sending a grievance to the inspector . . . ." (Statement of Miles, ECF No. 1-1, PageID.17.)

Plaintiff sought leave to proceed *in forma pauperis*. By order entered February 1, 2021, the Court granted Plaintiff leave. Upon further review, Plaintiff is not eligible to proceed *in forma pauperis*. Accordingly, the Court will vacate the February 1, 2021, order granting Plaintiff leave to proceed *in forma pauperis* and, instead, deny Plaintiff that relief. Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g).

The Court will order Plaintiff to pay the $402.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*.[1] This fee must be paid within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff fails to pay the fee, the Court will order that this case be dismissed without prejudice. Even if the case is dismissed, Plaintiff must pay the $402.00 filing fees in accordance with *In re Alea*, 286 F.3d 378, 380–81 (6th Cir. 2002).

## Discussion

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b).

---

[1] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $52.00. 28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. The miscellaneous administrative fee, however, "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." *Id.*

The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In far more than three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See Sango v. Place*, No. 2:16-cv-136 (W.D. Mich. July 6, 2016); *Sango v. Lewis et al.*, No. 1:14-cv-342 (W.D. Mich. July 18, 2014); *Sango v. Huss*, No. 1:14-cv-2 (W.D. Mich. June 12, 2014); *Sango v. Miniard et al.*, No. 1:14-cv-344 (W.D. Mich. June 10, 2014); *Sango v. Hammond et al.*, No.1:14-cv-283 (W.D. Mich. May 6, 2014); *Sango v. Novak*, No. 1:14-cv-343 (W.D. Mich. Apr. 23, 2014), *Sango v. Goinns et al*, No. 2:20-cv-205 (W.D. Mich. Oct. 15, 2020). In addition, Plaintiff repeatedly has been denied leave to proceed *in forma pauperis* in this Court and in the Eastern District of Michigan because he has

3

three strikes. *See Sango v. Curtis et al*., No. 1:14-cv-823 (W.D. Mich. Aug. 14, 2014); *Sango v. Wakley et al*., 1:14-cv-703 (W.D. Mich. July 8, 2014); *Sango v. Grand et al.*, No. 2:14-cv-14060 (E.D. Mich. Oct. 31, 2014); *Sango v. Mich. State Office of Admin. Hr'gs & Rules et al*., No. 1:14-cv-1272 (W.D. Mich. Jan. 13, 2015); *Sango v. Eryer et al.*, No. 1:15-cv-71 (W.D. Mich. Feb. 12, 2015); *Sango v. Nevins et al.,* No. 1:15-cv-179 (W.D. Mich. Mar. 3, 2015); *Sango v. Watkins*, No. 1:15-cv-221 (W.D. Mich. Mar. 12, 2015); *Sango v. Joiner*, No. 1:15-cv-232 (W.D. Mich. Mar. 23, 2015); *Sango v. Aramark et al.*, No. 1:15-cv-247 (W.D. Mich. Apr. 13, 2015); *Sango v. Bastain*, No. 2:16-cv-15 (W.D. Mich. Mar. 2, 2016); *Sango v. Bastain et al.*, No. 2:16-cv-14 (W.D. Mich. Mar. 2, 2016); *Sango v. Desselier*, No. 2:16-cv-13 (W.D. Mich. Mar. 2, 2016); *Sango v. Snyder*, No. 2:16-cv-12 (W.D. Mich. Mar. 2, 2016); *Sango v. Russell*, No. 2:16-cv-45 (W.D. Mich. Mar. 4, 2016); *Sango v. Place*, No. 2:16-cv-23 (W.D. Mich. Mar. 4, 2016); *Sango v. Dessellier et al*., No. 2:16-cv-123 (W.D. Mich. Jun. 10, 2016); *Sango v. Sohlden et al.*, No. 2:16-cv-18 (W.D. Mich. Mar. 13, 2017); *Sango v. West et al.*, No. 1:20-cv-156 (W.D. Mich. Mar. 10, 2020); *Sango v. Kludy et al.*, No. 1:20-cv-174 (W.D. Mich. Mar. 18, 2020), *Sango v. Goinns et al*., No. 2:20-cv-196 (W.D. Mich. Oct. 15, 2020), *Sango v. Goinns et al*, No. 2:20-cv-205 (W.D. Mich. Oct. 15, 2020).

Moreover, Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797-98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf*. [*Pointer v.*

> *Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id*. Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

Plaintiff is well-aware of the requirement that he allege an imminent danger of serious physical injury, yet he does not make the necessary allegations. He appears to studiously avoid associating his factual allegations with a specific date, thereby avoiding an assessment of the imminence of the potential harms he alleges. Only by combining tidbits of information from the attachments to his complaint with the factual allegations in the complaint can one determine that the threats posed by associating Plaintiff with COVID-19 occurred in November of 2020. The conclusive determinations that neither Plaintiff, his cellmate, or his associates were actually infected with COVID-19 were made long before Plaintiff filed suit. Moreover, the Alger Correctional Facility has remained relatively untouched by the ravages of COVID-19.[2]

---

[2] Less than twenty percent of the prisoners tested at Alger have tested positive. In the MDOC generally, more than sixty percent of prisoners have tested positive. There are no current active cases—in fact, there have not been active cases for some time—and no deaths. See https://medium.com/@MichiganDOC/mdoc-takes-steps-to-prevent-spread-of-coronavirus-covid-19-250f43144337 (visited Apr. 17, 2021). Plaintiff has recently filed a motion for preliminary injunction wherein he claims that officials at Alger are not justified in taking the restrictive COVID-19 precautions at

5

Plaintiff's claims regarding cold food do not demonstrate an imminent threat of injury, serious or otherwise, that would warrant ignoring Plaintiff's history of filing meritless lawsuits.

The allegation that Defendant Olson told prisoners to stab Sango suggests a danger, but Prisoner Miles does not say when he heard Olson tell prisoners to stab Sango.  Thus, the Court can make no assessment of whether the threat posed a risk that was imminent at the time of filing.

Moreover, such threats are Sango's "go to" allegation to avoid the "three strike" consequence of previously filing meritless lawsuits.  Reviewing the frequency with which Sango has faced such threats, and the dearth of any factual allegations to show action to carry them out, leads the Court to conclude that they "are described with insufficient facts and detail to establish that he is in danger of imminent physical injury . . . ."  *Rittner v. Kinder*, 280 F. App'x 796, 798 (6th Cir. 2008) (footnote omitted).  Based on Plaintiff's allegations, they are not sufficiently "'real and proximate.'"  *Vandiver*, 727 F.3d at 585 (quoting *Rittner*).  That is not to say that they are "ridiculous . . . baseless . . . fantastic or delusional . . . irrational or wholly incredible."  *Id*.  They are simply insufficient.  Based on these sketchy allegations, it appears that Plaintiff faces idle threats, not an imminent danger of serious physical injury.

Therefore, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action.  The Court will vacate its prior order granting leave to proceed *in forma pauperis*.  Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the civil action filing fees, which total $402.00.  When Plaintiff pays his filing fees, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c).  If Plaintiff does not pay the filing fees

---

the facility because there are not, and have not been, cases that warrant the restrictions.  (Mot. for Prelim. Inj., ECF No. 7.)

within the 28-day period, this case will be dismissed without prejudice, but Plaintiff will continue to be responsible for payment of the $402.00 filing fees.

Dated:   April 27, 2021           /s/ Hala Y. Jarbou
                                  HALA Y. JARBOU
                                  UNITED STATES DISTRICT JUDGE

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:

Clerk, U.S. District Court
330 Federal Bldg.
202 W. Washington St.
PO Box 698
Marquette, MI 49855

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**